# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MALVIN BYNUM                                                                                   PLAINTIFF

v.                                            4:17CV00792-SWW-JTK

STONE, et al.                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Malvin Bynum is an inmate confined at the Faulkner County Detention Center (Jail). He filed this pro se 42 U.S.C. § 1983 action against Defendants, seeking monetary relief for the denial of adequate medical care and for several allegedly unconstitutional conditions of confinement. (Doc. No. 2)

By Order dated December 5, 2017, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to file an Amended Complaint, noting that he did not include specific allegations of constitutional violations by any of the four named Defendants, and that his allegations failed to support a constitutional claim for relief (Doc. No. 4). Plaintiff has now filed an Amended Complaint (Doc. No. 5).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

2

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Facts and Analysis

In his Amended Complaint, Plaintiff claims that he has not been provided with high blood pressure medication and that issues with his feet have not been resolved. (Doc. No. 5, p. 4) He also complains about dirty showers and mats at the Jail. (Id., p. 5). However, he does not allege any specific acts by any of the four named Defendants, despite the specific instructions set forth in the December 5, 2017 Order.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983,

Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff states he was incarcerated as a pretrial detainee (Doc. No. 5, p. 3); therefore, the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of time of exposure to the allegedly unconstitutional conditions. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations

4

omitted.))  Based on this case law, the Court finds that Plaintiff's vague allegations should be dismissed, for failure to state an Eighth Amendment claim for relief.  Plaintiff does not allege specific instances involving the Defendants or deliberately-indifferent conduct by them, and he does not claim that any specific conditions caused him harm.  Therefore, his allegations do not translate as unconstitutional, as they do not support a finding that Plaintiff was denied the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. at 347.

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 9th day of January, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.